UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON L JACOCKS, | : | CIVIL ACTION NO. |
| Individually and on behalf of all | : | |
| Other similarly situated individuals | : | |
|     Plaintiffs | : | |
| v. | : | |
| | : | |
| MOORE MEDICAL, LLC, | : | |
| MCKESSON CORPORATION, and | : | |
| MCKESSON MEDICAL-SURGICAL, INC., | : | |
|     Defendants | : | October 14, 2011 |

## COMPLAINT

### INTRODUCTION

    1.    This is an action for money damages, liquidated damages, costs, attorneys' fees, and other relief as a result of Defendants' violation of federal and state laws including, but not limited to, the Defendants' failure to pay compensation due to Plaintiff and members of a class, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*.  This is further an action for violation of the applicable wage and hour laws and regulations set forth in the Connecticut Minimum Wage Act ("CMWA"), codified as C.G.S. § 31-58, *et seq.*

    2.    With respect to the CMWA claims, Plaintiff brings this action as a class action on behalf of similarly situated individuals pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b).

    3.    With regard to the claims brought under the FLSA, this action is brought pursuant to the opt-in collective action provisions of the Fair Labor Standards Act.  This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in" class action.

**PARTIES**

4.  Named Plaintiff, Jason L. Jacocks ("Plaintiff" or "Plaintiff Jacocks"), is an individual presently residing in Hartford, Connecticut.  At all relevant times, Plaintiff Jacocks was employed by Defendants, Moore Medical, LLC, McKesson Corporation, and McKesson Medical-Surgical, Inc. (collectively referred to herein as "Defendants").  Plaintiff Jacocks worked in excess of forty (40) hours per work week without receiving overtime compensation as required by federal law.

5.  Defendant, Moore Medical, LLC ("Defendant Moore"), is a foreign limited liability company with its principal place of business located in Wilmington, Delaware.  At all times relevant to this Complaint, Defendant Moore was Plaintiff's employer.  At all times relevant to this Complaint, Defendant Moore, either directly or through common management policies of Defendants, directed the work of Plaintiff and all other similarly situated individuals, determined the rate and method of payment of wages to Plaintiff and all other similarly situated individuals, had the authority to hire and fire Plaintiff and all other similarly situated individuals, and maintained the employment records of Plaintiff and all other similarly situated individuals.

6.  Defendant McKesson Corporation ("Defendant Corporation") is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business located in San Francisco, California.  At all times relevant to this Complaint, Defendant Corporation was Plaintiff's employer.  At all times relevant to this Complaint, Defendant Corporation, either directly or through common management policies of Defendants, directed the work of Plaintiff and all other similarly situated individuals, determined the rate and method of payment of wages to Plaintiff and all other similarly situated individuals, had the authority to

hire and fire Plaintiff and all other similarly situated individuals, and maintained the employment records of Plaintiff and all other similarly situated individuals.

7. Defendant McKesson Medical-Surgical, Inc. ("Defendant Medical-Surgical"), is a foreign corporation incorporated under the laws of the State of Virginia and has a principal place of business located in Richmond, Virginia.  At all times relevant to this Complaint, Defendant Medical-Surgical was Plaintiff's employer.  At all times relevant to this Complaint, Defendant Medical-Surgical, either directly or through common management policies of Defendants, directed the work of Plaintiff and all other similarly situated individuals, determined the rate and method of payment of wages to Plaintiff and all other similarly situated individuals, had the authority to hire and fire Plaintiff and all other similarly situated individuals, and maintained the employment records of Plaintiff and all other similarly situated individuals.

8. Defendants transact business within the State of Connecticut.  At all times relevant to this action, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**CLASS ACTION CLAIMS**

9. Plaintiff Jacocks brings this action on his own behalf and on behalf of all other similarly situated employees of Defendants, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures of Defendants as described herein.

10. In addition, the aforementioned Plaintiff Jacocks brings this action in his individual capacity, separate and apart from the class and/or collective action claims set forth herein.

**FLSA COLLECTIVE ACTION CLAIMS**

11.   With respect to the class claims under the FLSA, the collective action class is defined as follows:

All current and former employees of Defendants who worked as sales representatives and were subject to the following common practices or policies of the Defendants:

(a)   who worked in any of Defendants' locations at any time from three (3) years before the filing of this Complaint to March 13, 2011; and

(b)   who worked more than forty (40) hours per week during at least one week of their employment and were not paid at least one and one half times their regular rate of pay for those hours worked in excess of forty hours per week.

12.   Plaintiff Jacocks reserves the right to amend said class definition consistent with information obtained through discovery.

**CMWA CLASS ACTION CLAIMS**

13.   With respect to the claims brought under the CMWA, Plaintiff Jacocks seeks relief for himself and on behalf of the following class:

All current and former employees of Defendants who worked as sales representatives and were subject to the following common practices or policies of the Defendants:

(a)   who worked in any of Defendants' Connecticut locations at any time from two (2) years before the filing of this Complaint to March 13, 2011; and

(b)   who worked more than forty (40) hours per week during at least one week of their employment and were not paid at least one and one half times their regular rate of pay for those hours worked in excess of forty hours per week.

14.   Plaintiff Jacocks reserves the right to amend said class definition consistent with information obtained through discovery.

15.   As to the class claims set forth in paragraph 15, Plaintiff sues on behalf of himself and all other members of the above-defined class.  Class certification for the claims is

appropriate under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) because all of the requirements of those Rules are met:

23(a)(1)   The class is so numerous that joinder of all members is impractical. The Defendants have, on information and belief, at least forty former and/or current employees and/or participants meeting the class definitions set forth above throughout the State of Connecticut. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, the Plaintiff, on information and belief, claims that at least forty putative class members, if not more, have worked for the Defendants without receiving appropriate pay in violation of the CMWA.

23(a)(2)   There are questions of law and fact common to the class, especially, the questions of whether the alleged practices described below exist and were applied to all class members.

23(a)(3)   The named Plaintiff's claims encompass the challenged practices and course of conduct of the Defendants. Furthermore, the Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to whether the State laws are violated by such conduct apply equally to the Plaintiff and to the class.

23(a)(4)   The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

23(b)(2)   Defendants have acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23(b)(3)   Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. While the individual compensatory damage suffered by each class member is not insignificant, it is not substantial enough to justify the expense and burden of individual litigation. To conduct this action as a class action under Rule 23(b)(3) presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

**JURISDICTION**

16. The United States District Court for the District of Connecticut has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331, because it asserts claims arising under Federal law. Supplemental jurisdiction over the State law claims set forth herein is predicated on 28 U.S.C. § 1367 as they arise out of the same case and controversy.

**FACTUAL BACKGROUND**

17. Plaintiff Jacocks commenced his employment with Defendants on or about August 1, 2005.

18. Throughout his employment, until his termination on or about March 29, 2011, Plaintiff worked for Defendants as a sales representative.

19. Plaintiff Jacocks and other sales representatives are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work, as required by Defendants, is non-exempt. In addition, they performed similar job duties, under similar conditions.

20. Plaintiff Jacocks and other similarly situated individuals, at all relevant times, were paid a salary plus commissions and/or bonuses for work performed.

21. Throughout their employment, Plaintiff Jacocks and other sales representatives worked more than forty (40) hours per week.

22. During their employment, Plaintiff Jacocks and other sales representatives were not paid overtime compensation for time in excess of forty hours per week.

23. Plaintiff Jacocks and other sales representatives have sustained substantial losses from Defendants' failure to pay them overtime compensation.

24. During the three years preceding the filing of this Complaint, Defendants applied its policy and practice of not paying overtime compensation to employees who worked as sales representatives throughout the United States in the same manner to all affected employees.

25. As a result of the misclassification, employees working as sales representatives for Defendants were unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) hours per week.

**COUNT ONE**      **VIOLATION OF FLSA, 29 U.S.C. §§ 201 *et seq*. ON BEHALF OF PLAINTIFF JACOCKS AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER, AGAINST DEFENDANTS.**

26. Defendants, during portions of the past three (3) years prior to the filing of this Complaint, have failed to pay Plaintiff Jacocks proper overtime compensation for hours worked in excess of forty (40) hours per week at a rate of one and one half times her regular rate of pay.

27. Defendants, during portions of the past three (3) years prior to the filing of this Complaint, have failed to pay other employees working as sales representatives proper overtime compensation for hours worked in excess of forty (40) hours per week at a rate of one and one half times their regular rate of pay.

28. Defendants have a policy and practice of failing and refusing to pay Plaintiff Jacocks and others similarly situated for all hours worked in violation of 29 U.S.C. §§ 201-219.

29. Defendants' conduct in this regard was a willful violation of the FLSA.

30. As a result of Defendants' unlawful acts, Plaintiff Jacocks and all other similarly situated current and former employees are being deprived of earned wages in amounts to be determined at trial. They are entitled to recover all compensatory damages for unpaid overtime, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other remedies available at law or in equity.

**COUNT TWO**     **FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT BY PLAINTIFF JACOCKS, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS AGAINST DEFENDANTS**

31. All similarly situated class Plaintiffs as defined by the class definition above were subject to the same practices as those imposed upon Plaintiff Jacocks, including the practice of not paying them their full and legally required wages and overtime compensation as provided for under the CMWA.

32. During portion of the past two (2) years prior to the filing of this Complaint, Defendants have failed to provide Plaintiff Jacocks and similarly situated individuals their full and legally required wages and/or overtime compensation for hours worked in excess of forty (40) hours per week.

33. Defendants' conduct in this regard was willful, unreasonable, arbitrary and/or in bad faith.

34. As a result of Defendants' violation of the CMWA, Plaintiff Jacocks and the members of the class are entitled to compensation for their full and legally required wages and/or overtime, including, but not limited to, compensation for time worked in excess of forty (40) hours per week, computed at one and one half times their regular hourly rate.

35. In addition, Plaintiff Jacocks and other similarly situated indvdiuals are entitled to liquidated damages, interest, attorneys' fees and costs, and any other relief they are entitled to under law or in equity.

**DEMAND FOR RELIEF**

**WHEREFORE**, the Named Plaintiff claims, individually, and on behalf of all other similarly situated current and/or former employees as follows:

1. Unpaid overtime wages under the FLSA and CMWA;

2. Liquidated damages under the FLSA

3. Liquidated damages under CMWA;

4. Interest;

5. Attorneys' fees;

6. Costs;

7. An award of prejudgment and post-judgment interest as provided by law; and

8. Any such other and further legal and equitable relief as this Court deems necessary, just and proper, as well as any other relief available in law or in equity.

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

        PLAINTIFS,
        JASON L. JACOCKS, INDIVIDUALLY
        AND ON BEHALF OF ALL OTHER
        SIMILARLY SITUATED INDIVIDUALS


        By: /s/ Heena Kapadia
           Heena Kapadia (CT11869)
           Madsen, Prestley & Parenteau, LLC
           44 Capitol Avenue, 2nd Floor
           Hartford, CT  06106
           (860) 246-2466
           His Attorneys